UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GORDON MURDO MURRAY,

    Petitioner,

v.

    CASE NO. 6:09-cv-933-Orl-28KRS
    (6:08-cr-42-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Gordon Murdo Murray. The Government filed a response (Doc. No. 8) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply and an amended reply to the Government's response (Doc. Nos. 9 & 11).

Petitioner alleges three claims for relief: (1) counsel rendered ineffective assistance by "leading Petitioner to believe that there was a good possibility" that he would receive a sentence of probation or no more than three years of imprisonment; (2) Petitioner's sentence violates the Eighth Amendment to the United States Constitution and counsel was ineffective for failing to argue such, and (3) counsel rendered ineffective assistance by failing to file an appeal. For the following reasons, Petitioner's § 2255 motion is denied in part and an evidentiary hearing is ordered.

## I. Procedural History

Petitioner was charged by information with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Criminal Case No. 6:08-cr-42-Orl-28KRS, Doc. No. 1).[1] On March 24, 2008, pursuant to a written plea agreement (Criminal Case Doc. No. 3), Petitioner entered a plea of guilty as charged before Magistrate Judge Karla R. Spaulding. Magistrate Judge Spaulding filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty (Criminal Case Doc. No. 15). This Court accepted the plea and adjudicated Petitioner guilty (Criminal Case Doc. No. 28). A sentencing hearing was conducted, and on September 26, 2008, the Court entered a Judgment in a Criminal Case, sentencing Petitioner to an 82-month term of imprisonment to be followed by supervised release for life (Criminal Case Doc. No. 32). Petitioner did not appeal his conviction or sentence.

## II. Legal Standard

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy

---

[1] Criminal Case No. 6:08-cr-42-Orl-28KRS will be referred to as "Criminal Case."

the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

3

## III. Analysis

### A. Claim One

Petitioner asserts that counsel rendered ineffective assistance by leading him to believe that he would receive a sentence of probation or no more than three years of imprisonment if he entered a plea. Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. No. 29). Pursuant to the agreement, Petitioner agreed:

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

*Id.* at 9-10 (emphasis in original). During his plea hearing, Petitioner acknowledged that he understood that by pleading guilty, he was waiving his right to collaterally attack his conviction or sentence pursuant to § 2255. (Criminal Case Doc. No. 38 at 28-29.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel

during sentencing. *Id.* at 1342. The Eleventh Circuit, however, has indicated that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel. *Patel v. United States*, 252 Fed. App'x 970, 974-75 (11th Cir. 2007). Therefore, Petitioner's knowing and voluntary waiver in the plea agreement generally bars him from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.

In the instant case, this Court concludes that the plea agreement and waiver were knowingly and voluntarily entered. As set forth above, the Court addressed the appeal waiver provision during the change of plea hearing. (Criminal Case Doc. No. 38 at 28-29.) Moreover, the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing.").

The record further demonstrates that Petitioner's plea of guilty was knowingly and voluntarily entered. The three primary requirements imposed by Federal Rule of Criminal Procedure 11 before the Court may accept a plea of guilty are: "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the

defendant must know and understand the consequences of his guilty plea.'" *United States v. Garcia*, 2009 WL 975539, at *1 (11th Cir. 2009) (quoting *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996)). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id.* at 1012 (quotation omitted) (citations omitted).

The Court in this case conducted a thorough and comprehensive plea colloquy. Petitioner acknowledged that he understood the charge against him and had reviewed the charging document with his attorney. *Id.* at 22-23. Petitioner indicated that no one had threatened or coerced him to plead guilty. *Id.* at 22. Petitioner also affirmed that he had read the plea agreement, had discussed it with his attorney, and understood the plea agreement. *Id.* at 23. Petitioner was advised that he was subject to a maximum sentence of ten years. *Id.* at 30. Petitioner affirmed that he understood that neither the Court nor his attorney could not tell him what his sentencing guideline range was because the Presentence Investigation Report had not been done. *Id.* at 30-31. Petitioner acknowledged that he understood that regardless of what recommendations the Government made as to his sentence or what his attorney's predictions were as to his sentence, those recommendations and predictions were not binding on the Court, and he would not be permitted to withdraw his guilty plea even if his sentence was different from what his attorney predicted. *Id.* Finally, the Court asked Petitioner if he was freely and voluntarily

entering his plea, to which Petitioner responded affirmatively. *Id.* at 38. Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

To the extent Petitioner is challenging the validity of the plea in claim one, his claim is without merit as it is refuted by the record. The Court advised Petitioner as follows:

> The Court: All right. I can't tell you today what the sentencing guideline range will be because I don't have all the information I need to do that. If you plead guilty[,] the Court's probation office will conduct an investigation. They'll look into this crime, whether you accepted responsibility, whether you have any prior criminal history, things of that nature. They're [sic] prepare a written report.
>
> You and your attorney will receive the report before the sentencing, so will the attorney for the Untied [sic] States. If there's anything in the report you think is not correct[,] Mr. Eddington can make objections. If the objections aren't worked out before the sentencing[,] then Judge Antoon will hold a hearing, he'll hear the arguments of the lawyers, he'll hear evidence, if he needs to, and he'll rule on objections. *Only at the point the report is done and the objections are ruled on will there be enough information to know for sure what the sentencing range is. Now, I have no doubt Mr. Eddington has given you his very best estimate about what the guideline range will be, but he can't know for sure until the report is done and the Judge has ruled on any objections that may come up. So it's important for you to understand [if] the sentencing guideline range or the sentence turns out to be something different than you expect it to be you would not be allowed to withdraw your guilty plea for that reason;* is that clear?
>
> Defendant: Yes, Your Honor.

(Criminal Case Doc. No. 38 at 31-32) (emphasis added). Further, as noted previously, the Court advised Petitioner that he was subject to a maximum sentence of ten years of

imprisonment. Thus, given that Petitioner was advised, prior to entering his plea, that counsel's predictions as to his sentence were not binding and that he would not be allowed to withdraw his guilty plea even if his sentence was different from what his attorney predicted, Petitioner cannot establish that he was prejudiced by counsel's alleged advise. The Court concludes, therefore, that Petitioner has not demonstrated that counsel's conduct resulted in his plea being involuntary. Accordingly, claim one is barred from consideration by the appeal waiver provision and is otherwise without merit.

### B.  Claim Two

Petitioner contends that his sentence violates the Eighth Amendment to the United States Constitution. In support of his claim, Petitioner argues that his sentence of 82-months imprisonment and a life term of supervised release is excessive and disproportionate because of his age, health, history of civic duty, military service, and lack of propensity to commit further offenses. Petitioner further contends that counsel rendered ineffective assistance by failing to assert that his sentence violates the Eighth Amendment for the aforementioned reasons.

As the Court noted *supra*, the plea agreement contained a valid appeal waiver provision and Petitioner understood this provision. As such, Petitioner is barred from raising this claim. Furthermore, the Court notes that Petitioner was subject to a sentencing guideline range of 97 to 120 months of imprisonment, and trial counsel filed a sentencing memorandum requesting leniency based on the factors relied on by Petitioner. (Criminal Case Doc. No. 27.) Counsel asked the Court to sentence Petitioner to a term of supervision

or to a maximum sentence of two years imprisonment. *Id.* The Court deviated from the advisory sentencing guidelines and imposed a sentence below the guidelines. As such, Petitioner has not demonstrated that his sentence violates the Eighth Amendment or that counsel was ineffective for failing to argue such. *See, e.g., United States v. Moriarity,* 429 F. 3d 1012, 1024 (11th Cir. 2005) ("'In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.'"). Accordingly, claim two is denied.

### C. *Claims Three*

Petitioner maintains that counsel rendered ineffective assistance by failing to consult him about filing an appeal and by failing to file an appeal. Petitioner asserts that counsel should have argued on appeal that his sentence violates the Eighth Amendment.

In *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland v. Washington,* 466 U.S. 668 (1984), applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court also recognized the long-established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477 (citations omitted). The case law is clear that such an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States,* 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant

is entitled to an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

In cases where the defendant has not conveyed his wishes one way or another regarding the filing of a notice of appeal, the *Roe* Court held as follows:

> [C]ounsel has a constitutionally-imposed *duty to consult* with the defendant about an appeal when there is reason to think either (1) that *a rational defendant would want to appeal* (for example, because there are nonfrivolous grounds for appeal), or (2) that *this particular defendant reasonably demonstrated to counsel that he was interested in appealing.*

528 U.S. at 480 (emphasis added). "The Supreme Court defined the term 'consult' specifically to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" *Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008) (quoting *Roe*, 528 U.S. at 478).

In making a determination of whether counsel had a duty to consult with the defendant about an appeal, "courts must take into account all the information counsel knew or should have known." *Roe*, 528 U.S. at 480 (citation omitted). A highly relevant factor will be whether the conviction was the result of a guilty plea because a guilty plea reduces the scope of appealable issues and may indicate that the defendant seeks an end to judicial proceedings. *Id.* "Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

As to prejudice, the United States Supreme Court held that "to show prejudice, a

defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, *he would have timely appealed.*" *Id.* at 484 (emphasis added). The "would have appealed" standard considers all of the circumstances, including whether there were nonfrivolous grounds for appeal and whether the defendant in question promptly expressed a desire to appeal. *Id.* at 485.

In the instant case, Petitioner asserts that counsel did not consult with him about filing an appeal. Although the Court has determined in claim two *supra* that the issue Petitioner asserts counsel should have appealed is without merit, an issue of fact still exists as to whether counsel had a duty to consult with Petitioner about an appeal, and if so, whether counsel in fact consulted with Petitioner about filing an appeal, and if not, whether Petitioner was prejudiced. *See, e.g., Devine,* 520 F.3d at 1288-89 (affirming district court's denial of ineffective assistance of counsel claim for failure to file appeal based on credibility determinations made after an evidentiary hearing). Consequently, an evidentiary hearing must be held as to this claim. Accordingly, it is hereby **ORDERED** as follows:

1. Claims one and two are **DENIED**.

2. The Court will hold an evidentiary hearing with regard to whether counsel rendered ineffective assistance based on his failure to file an appeal or consult Petitioner regarding filing an appeal. The hearing is scheduled for **December 16, 2010, at 9:30 a.m.**, at U.S. Courthouse, 401 West Central Blvd., Courtroom 6B, Orlando, Florida 32801.

3. The United States Magistrate Judge is directed to appoint counsel on behalf

of Petitioner.

4.     **On or before December 1 , 2010,** Petitioner shall file a statement entitled "Pretrial Narrative Statement." The Pretrial Narrative Statement shall contain:

(a)   A brief general statement of the case.

(b)   A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

(c)   A list of all exhibits to be offered into evidence at the evidentiary hearing.

(d)   A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

(e)   A summary of the anticipated testimony of <u>each</u> witness named in (d).

5.     **On or before December 8, 2010,** the Government shall file a "Pretrial Narrative Statement," entitled as such. The Pretrial Narrative Statement shall comply with paragraphs 4(a) through (e) above.

**DONE AND ORDERED** in Orlando, Florida, this 22 day of October, 2010.

---
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 10/22
Gordon Murdo Murray
Counsel of Record
United States Magistrate Judge Spaulding

12